UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>SERGIO SANCHEZ-GARCIA,<br><br>　　　　　　Defendant. | Case No. 2:18-cr-00405-APG-NJK<br><br>REPORT AND RECOMMENDATION<br><br>(Docket No. 22) |

This matter was referred to the undersigned Magistrate Judge on Defendant Sergio Sanchez-Garcia's motion to dismiss indictment. Docket No. 22. The Court has considered Defendant's motion and the United States' response. Docket Nos. 22, 23. No reply was filed. *See* Docket.

I.   **BACKGROUND**

On December 12, 2018, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with one count of deported alien found unlawfully in the United States, in violation of Title 8, United States Code, Section 1326. Docket No. 1. The charge alleges that Defendant reentered and remained in the United States "after having been deported and removed" from the United States "on or about November 25, 2005." *Id*. at 1.

Defendant submits that his November 21, 2005, notice to appear, which led to his removal, was insufficient because it did not "set a date, place, or time for his removal hearing." Docket No. 22 at 3. As a result, Defendant submits, the Immigration Judge who removed him lacked jurisdiction to do so, "the orders removing him from the United States were unlawful, and the

indictment must be dismissed." *Id*. Defendant submits that, pursuant to the Due Process Clause of the Fifth Amendment, he may collaterally attack his prior deportation order. *Id*. at 4. He contends that his November 2005 removal was fundamentally unfair, as the notice to appear contained no information regarding the date or time of his immigration hearing and thus failed to meet the definition of a notice to appear as set forth in 8 U.S.C. § 1229(a)(1)(G)(i). *Id*. at 5-7, 12-14; *Pereira v. Sessions*, 138 S.Ct. 2105, 2116 (2018). Defendant further submits that he need not have exhausted his administrative remedies in the underlying deportation in order to collaterally attack it, as the deportation proceeding was void for lack of jurisdiction. *Id*. at 8. Defendant therefore asks the Court to dismiss the indictment against him with prejudice. *Id*. at 9.

In response, the United States submits that, on November 21, 2005, the predecessor agency to Immigration and Customs Enforcement ("ICE") issued Defendant a Notice to Appear ("NTA") after he was convicted of a felony drug charge in Nevada state court. Docket No. 23 at 2. The United States submits that Defendant, using an alias, signed for receipt of the NTA, which charged him as an alien illegally in the United States and showed that the date and time of the hearing were to be set later. *Id*. Additionally, the United States submits that, on the next day, the predecessor agency to ICE served Defendant with a Notice of Hearing in Removal Proceedings. *Id*.; Docket No. 23-1. The Notice of Hearing in Removal Proceedings, which the United States attached to its response, is dated November 22, 2005, and states that Defendant's case has been scheduled for a hearing before the Immigration Court on November 23, 2005 at 8:30 a.m., at 3365 Pepper Lane, Suite 200, Las Vegas, Nevada. Docket No. 23-1 at 2. On November 23, 2005, with Defendant present in Immigration Court, the United States submits, an Immigration Judge ordered him removed from the United States. Docket No. 23 at 2. The United States further submits that Defendant was in the custody of ICE's predecessor agency "from the time of the notice until the

2

order by the Immigration Judge." *Id*. Additionally, the United States submits that the two-step notice procedure, where the immigration court provides later notice of time and place for the removal hearing, as happened here, is valid. *Id*. at 3. The United States submits that the immigration judge had jurisdiction over Defendant during his removal proceedings. *Id*. at 4-5; *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019). Therefore, the United States asks the Court to deny Defendant's motion. *Id*. at 6.

## II.     ANALYSIS

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) allows a defendant to move to dismiss an indictment on the ground that the indictment "fail[s] to state an offense." In considering a motion to dismiss an indictment, a court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged. The indictment either states an offense or it does not. There is no reason to conduct an evidentiary hearing." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *Id*. A motion to dismiss an indictment can be determined before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986); *United States v. Jimenez*, 191 F.Supp.3d 1038, 1040 (N.D.Ca. 2016). For this reason, "[g]enerally, Rule 12(b) motions are appropriate to consider 'such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, [and] lack of jurisdiction.'" *Shortt*, 785 F.2d at 1452. A defendant moving to dismiss an indictment bears the burden of demonstrating a factual basis for the motion to dismiss. *See United States v. Ziskin*, 360 F.3d 934, 943 (9th Cir. 2003); *United States v. Lazarevich*, 147 F.3d 1061, 1065 (9th Cir. 1998).

In order to convict a defendant of illegal reentry under 8 U.S.C. § 1326, the United States must establish that the defendant "left the United States under order of exclusion, deportation, or removal, and then illegally reentered." *United States v. Raya–Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014) (internal quotation marks and citation omitted). "A defendant charged with illegal reentry pursuant to 8 U.S.C. § 1326 has the right to bring a collateral attack challenging the validity of his underlying removal order, because that order serves as a predicate element of his conviction." *United States v. Ochoa*, 861 F.3d 1010, 1014 (9th Cir. 2017).

To demonstrate that a prior deportation cannot serve as the basis of an indictment for illegal reentry, 8 U.S.C. § 1326(d) requires that a defendant "demonstrate that (1) he exhausted the administrative remedies available for seeking relief from the predicate removal order; (2) the deportation proceedings 'improperly deprived [him] of the opportunity for judicial review;' and (3) the removal order was 'fundamentally unfair.'" *Raya–Vaca*, 771 F.3d at 1201 (quoting 8 U.S.C. § 1326(d)). "To satisfy the third prong—that the order was fundamentally unfair—the defendant bears the burden of establishing both that the deportation proceeding violated his due process rights and that the violation caused prejudice." *Id.* (internal quotation marks, citation, and brackets omitted). Defendant bears the burden of proving all the Section 1326(d) elements. *Ochoa*, 861 F.3d at 1019.

In *Pereira*, the Supreme Court held that "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a) [of the Immigration and Naturalization Act ("INA") ],' and so does not trigger the stop-time rule." 138 S. Ct. at 2113–14. The question at issue in *Pereira* was whether an NTA lacking this information triggered the "stop-time" rule under 8 U.S.C. § 1229b(d)(1).

After *Pereira* was decided, the Board of Immigration Appeals entertained the issue raised in that case. It found that an NTA which fails to specify the time and place of removal proceedings does not divest the immigration judge of jurisdiction, so long as notice of hearing specifying the information is later sent to the noncitizen. *Matter of German Bermudez-Cota*, 27 I. & N. Dec. 441, 441 (BIA Aug. 31, 2018).

On December 14, 2018, the Sixth Circuit found, in *Hernandez-Perez v. Whitaker*, 911 F.3d 305 (6th Cir. 2018), that the decision in *Pereira* has no relevance to the jurisdiction question. Specifically, the Sixth Circuit noted that, notwithstanding its finding that the NTA was defective, the *Pereira* Court did not invalidate the petitioner's underlying removal proceedings. The Court found that "[i]f *Pereira*'s holding applied to jurisdiction, there also would not have been jurisdiction in *Pereira* itself. But the Court took up, decided, and remanded *Pereira* without even hinting at the possibility of a jurisdictional flaw." *Id*. at 313.

Further, on January 28, 2019, the Ninth Circuit addressed whether an NTA that does not include time and date information vests jurisdiction with the immigration judge. *See Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019). The petitioner in *Karingithi* had argued that, "if a notice to appear does not state the time for her initial removal hearing, it is not only defective under § 1229(a), but also does not vest jurisdiction with the IJ." *Id*. at 1160. The Ninth Circuit, however, found that:

> [T]he regulations, not § 1229(a), define when jurisdiction vests. Section 1229 says nothing about the Immigration Court's jurisdiction. And for their part, the regulations make no reference to § 1229(a)'s definition of a "notice to appear." If the regulations did not clearly enumerate requirements for the contents of a notice to appear for jurisdictional purposes, we might presume they *sub silentio* incorporated § 1229(a)'s definition. But the plain, exhaustive list of requirements in the jurisdictional regulations renders that presumption inapplicable here. Not only does that list

5

> not include the time of the hearing, reading such a requirement into the regulations would render meaningless their command that such information need only be included "where practicable." The regulatory definition, not the one set forth in § 1229(a), governs the Immigration Court's jurisdiction. A notice to appear need not include time and date information to satisfy this standard.

*Id*. (internal citations omitted).

The Ninth Circuit found that the Supreme Court, in *Pereira*, limited its holding to the "narrow" context of the stop-time rule. *Id*. at 1161. The Court found it significant that, while the stop-time statute at issue in *Pereira* specifically cross-referenced the statute defining a Notice to Appear, the regulations regarding an immigration judge's jurisdiction in removal proceedings do not cross-reference that statute. *Id*. Therefore, the Court found that any attempt to extend the non-jurisdictional ruling in *Pereira* to the jurisdictional issue must fail. *Id*.

Here, *Karingithi* makes clear that *Pereira* is inapplicable to this case. Therefore, as Defendant's jurisdiction argument is based on *Pereira*, the Court finds that the immigration court had jurisdiction during the 2005 removal proceeding, and that Defendant's arguments regarding lack of due process in the issuance of his 2005 removal order and the prejudice resulting therefrom must fail.[1] Accordingly, Defendant's collateral attack on the validity of his underlying removal order must fail as well. Defendant has, therefore, failed to prove the Section 1326(d) elements required to demonstrate that his prior deportation cannot serve as the basis of his indictment for illegal reentry.

. . . .

---

[1] In addition, like the petitioner in *Karingithi*, Defendant received actual notice of the hearing the day after he received the original Notice of Hearing and, in fact, attended his removal proceeding. Such actual notice also defeats Defendant's arguments regarding due process and prejudice.

### III. RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

**IT IS RECOMMENDED** that Defendant's motion to dismiss the indictment, Docket No. 22, be **DENIED**.

DATED: March 27, 2019.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).